**DONTZIN NAGY & FLEISSIG LLP**

980 MADISON AVENUE
NEW YORK, N.Y. 10075
TELEPHONE (212) 717-2900
FAX (212) 717-8088

HON. MICHAEL J. DONTZIN (1993-2012)
MATTHEW S. DONTZIN
TIBOR L. NAGY, JR
DAVID A. FLEISSIG
TRACY O. APPLETON
JASON A. KOLBE

RUBEN G. PERLMUTTER
AMINA M. HAFEZ
GREGORY N. WOLFE
SUSAN S. HU
ASHER T. LOWENSTEIN
HEIDI R. SCHUMANN
WILLIAM H. LAGRANGE
DIEGO MARTINEZ-KRIPPNER
RICHARD J. SARCONE

April 25, 2022

**VIA ECF AND EMAIL**

The Honorable John P. Cronan
United States District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007-1312

    Re:    *Assad v. Go Acquisition Corp. et al.*, No. 21 Civ. 7076

Dear Judge Cronan:

    We write on behalf of Defendants in the above-referenced action to correct several misstatements in Plaintiff's letter (ECF 61) in response to Defendant's notice of the SEC's recent proposed rule (the "Proposal") regarding SPACs (ECF 60).

    <u>First</u>, Plaintiff mischaracterizes the "safe harbor" in the Proposal as a set of prerequisites that SPACs must comply with "to avoid violating" the Investment Company Act of 1940 (the "ICA"). *See* ECF 61 at 1. But the Proposal says just the opposite: a SPAC "would *not* be required to rely on the safe harbor". To the contrary, the Proposal makes clear that *the SEC* would judge ICA compliance based on all the "facts and circumstances." Proposal at 136 (ECF 60 at 140). Thus, SPACs that do not seek to rely upon the proposed safe harbor do not automatically become investment companies. *See id.* at 136 (ECF 60 at 140).

    As set forth in Defendants' previous letter, the Proposal itself confirms that GO is *not* an investment company irrespective of whether GO could invoke the safe harbor, for multiple reasons. For example, the Proposal entirely undermines Plaintiff's contention that by placing trust assets in held-to-maturity government securities, GO is primarily a secret investment fund, rather

DONTZIN NAGY & FLEISSIG LLP

The Hon. John P. Cronan
April 25, 2022
Page 2 of 2

than a SPAC actively pursuing a business combination while engaging in a collateral cash management activity. Among other reasons, this is because (a) the Proposal adopts Defendants' position that holding government securities is "consistent with cash management practices rather than primarily investment purposes" (Proposal at 142; ECF 60 at 146); and (b) the Proposal recognizes that having a primary purpose of effecting a business combination—as GO does based on its disclosures, which Plaintiff pleads no facts to rebut—shows that a SPAC is not a clandestine investment company. *See* ECF 60 at 2–3.

<u>Second</u>, it is not true that under the Proposal, all SPACs would be "required" to return assets to investors after 18 months from registration if no business combination is announced. *See* ECF 61 at 1. Plaintiff's selective quotation of the Proposal omits that returning assets would only be "required" for SPACs that affirmatively seek "to rely on the safe harbor." *See* Proposal at 152–53 (ECF 60 at 156–57).

It is also not at all certain—despite plaintiff's assertion that GO is somehow presently "in violation" of the non-exclusive safe harbor (ECF 61 at 1)—that the safe harbor will ultimately be codified.[1] The Proposal is not the law, and instead remains subject to public comment, then further review by the SEC. And even if the SEC does eventually adopt the Proposal in some form, the initial time period to de-SPAC within the safe harbor may be longer than 18 months. In fact, the Proposal invites comment on whether that time period should be "longer (e.g., 20 months, 24 months, 36 months)" (Proposal at 158; ECF 61 at 162) and whether the SEC should "include an option for SPACs that have not identified a target within 18 months, or completed the de-SPAC transaction within 24 months to extend these deadlines" (Proposal at 159; ECF 61 at 163).

<u>Finally</u>, the only relevant date for the Court's purposes is August 21, 2021—the date when Plaintiff filed his complaint in this action. *See* ECF 1. This was approximately 12 months after GO's IPO, when GO would have unambiguously fallen within the 18-month window set forth in the safe harbor as currently drafted in the Proposal.

Defendants again respectfully ask the Court to consider the contents of the Proposal itself, which demonstrate that Defendants' motion should be granted in its entirety.

Respectfully submitted,

Matthew S. Dontzin

---

[1] SEC Commissioner Hester M. Peirce has recently expressed skepticism about imposing an "arbitrarily determined deadline" on SPACs seeking business combinations, even under the "non-exclusive safe harbor" currently under consideration. *See* Hester M. Peirce, Statement Regarding SPAC Matter, Apr. 15, 2022, available at https://www.sec.gov/news/statement/peirce-spac-20220415.